UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

KRISTINIA-VICKTORIA CHARLENE
HAMILTON
    *Plaintiff,*

-vs.-

LAKE MINNEHAHA OWNERS
ASSOCIATION, INC

MICHAEL PORTER, Registered Agent
SALVATORE FOGU, Board Member
    *Defendant.*

CIVIL NO.:

## COMPLAINT

COMES NOW Plaintiff, Kristinia-Vicktoria Charlene Hamilton, by counsels, Attorneys Richard P. Busse and Amy L. Commean of *Richard P. Busse & Associates*, and complains against the Lake Minnehaha Owners Association, Inc., through its registered agent, Michael Porter, and board member, Salvatore Fogu, and for her cause of action states the following:

### I.    INTRODUCTION

1. This complaint is in regard to a series of harassment incidents perpetrated by the Defendant because of the Plaintiff's sex, which cumulated in the Plaintiff's termination of employment by the Defendant on November 7, 2020 solely on the basis of sex.

### II.    PARTIES

2. Plaintiff, Kristinia-Vicktoria Charlene Hamilton (hereinafter "Kristinia"), resides at 112 Tyler Street, Hobart, Lake County, Indiana 46342.

3. Defendant, Lake Minnehaha Owners Association, Inc., through its registered agent, Michael Porter, and Board Member Salvatore Fogu (hereinafter "Lake

- 1 -

Minnehaha"), Indiana business ID: 197810-684, is an active, domestic non-profit corporation created on October 24, 1978, located at 5520 Old Porter Road, Portage, Porter County, Indiana 46368. See "Exhibit A".

### III. VENUE AND JURISDICTION

4. Kristinia resides and is domiciled in Lake County, Indiana.

5. Lake Minnehaha is under the jurisdiction of this Court as it is incorporated, is located in, and transacts business in Porter County, Indiana.

6. This action arises under Title 42 of the United States Code, Section 1983.

### IV. STATEMENT OF FACTS

7. Kristinia was employed by Lake Minneehaha starting in April of 2018 as a "Comfort Station Supervisor" during the summer months (April – October) and as a maintenance employee during the winter months (November – March) until November 7, 2020.

8. Beginning in November of 2019, Kristinia began to notice that she was being stalked by two (2) board members of Lake Minneehaha namely, Jay Green and Marian Kresno, as she went about her work cleaning the campground and completing necessary maintenance. The two men would drive in a pick-up truck slowly around the campground and watch from a distance as Kristinia would work. Although they were at a distance, she could clearly see that the two men were that of Jay Green and Marian Kresno.

9. On numerous occasions Jay Green would verbally belittle Kristinia for being a female and doing what he considered a "man's job".

10. Kristinia never had any disciplinary reports of any kind during her employment

and was known to be a dedicated, hardworking employee by fellow employees as well as residents of the campground. She often worked above and beyond her pay grade to complete work.

11. Due to this, Kristinia filed numerous complaints by way of the "chain of command" as prescribed on page three (3), "103 -Equal Employment & Business Ethics and Conduct" of the "<u>Lake Minnehaha Owners Association, Inc. and Lake Minneehaha Corporation DBA Lakeshore Camp-Resort Employee Handbook</u>". This is attached at "Exhibit B".

12. In January of 2020 during a recorded monthly meeting of the board of directors, Kristinia voiced her complaints to which she was told by the board that she had no business "doing the job of a man" and that she was not fit for the position simply due to her being female. Board member Jay Green openly stated six (6) times at this meeting that he wished the board would fire her right then and there because of her gender and that only a man should be working that particular job. Green was quoted stating "I am so sick and tired of this stupid, fucking bitch! I wish you would fire her bitch-ass!"

13. The effects of the January 2020 meeting on Kristinia were depression, fear, and paranoia due to the comments and continued actions of the board members.

14. Kristinia was told that she was required to work 16 hours per day, 7 days per week or else her employment would be terminated. Although this was extremely strenuous on her and her 8 children, she complied due to the fact that she needed an income.

15. Sometime in the spring of 2020, an incident occurred where Kristinia was

working on a sewer and one of the lot owners, that of Joe Shuckster, a friend of Jay Green and Marian Kresno, belittled her for "doing a man's job" and that she needed to "get her ass back to comfort station."

16. Kristinia filed an incident report after this but no actions nor any response came from the board of directors.

17. In September, 2020, a position opened, that of LMOA Operations Manager, to which Kristinia applied for, by producing her resume to Charles Taylor, as she was well-qualified for the job. The job was instead given to somebody else with no experience in the area of the position and who had a criminal history of embezzlement.

18. On November 7, 2020 Kristinia was informed that she had been laid off for an indefinite amount of time due to the lack of work for her to do. Kristinia has never been laid off at any point during her employment with Lake Minneehaha which began in April of 2018.

19. Even though Kristinia was told her lay off was due to no work being available to her, within 48 hours Kristinia noticed that her job position, that of "Maintenance Staff", had been posted on Indeed.com as a job opening. This is attached as "Exhibit C".

20. The timing of the job posting is suspicious as it came shortly (48 hours after) she was told that she was "laid off".

21. There is added suspicion that she was told her lay off was due to no available work, yet Lake Minneehaha posted the job position on Indeed.com.

22. On December 30, 2020, attorney Richard P. Busse notified Lake Minneehaha by

way of U.S. Certified Mail® of the legal representation of Kristinia and their obligation to preserve evidence. A true and correct copy of this letter is attached as "Exhibit D".

23. The Indiana Civil Rights Commission ("ICRC") issued their "Order on Appeal" on October 28, 2021 upholding their "no cause finding" with regard to their review of the matter. A true and correct copy of this is attached as "Exhibit E". Kristinia's Attorney, Richard P. Busse, received the Equal Employment Opportunity Commission ("EEOC") "Dismissal and Notice of Rights" on December 16, 2021. A true and correct copy of this is attached as "Exhibit F". Kristinia has therefore pursued and exhausted all potential administrative remedies, thus making this matter ripe.

## V.   LEGAL CLAIMS

### CLAIM I:
**-Defendant(s) Discriminatory Employment Practices-**

**Violation of 42 U.S.C. §1983,
Title VII of the Civil Rights Act of 1964,
Fourth and Fourteenth Amendment**

24. Kristinia repeats, re-alleges and incorporates herein by reference the foregoing paragraphs as set forth in full herein.

25. The actions of Lake Minneehaha, in the above-described conduct as alleged, is a clear violation of the Kristinia's rights under the Fourth and Fourteenth Amendments which provides one to be free from excessive and/or arbitrary and/or unreasonable treatment against the Plaintiff.

26. The actions of Lake Minneehaha, in the above-described conduct as alleged, is a clear violation of the prohibition of sex discrimination.

27. Lake Minneehaha is a domestic non-profit corporation and, through its board members, therefore, supervises the employees within it. With the failure of the Lake Minneehaha to properly train, supervise and control the appropriate actions of said employees as well as hold them accountable for their actions and conduct in the field, the Lake Minneehaha has violated above-mentioned Amendments and rights of the Kristinia.

WHEREFORE, Kristinia requests for relief as hereinafter set forth.

### CLAIM II:
### -Wrongful Employment Termination-

### Violation of 42 U.S.C. §1983,
### Title VII of the Civil Rights Act of 1964,
### Fourth and Fourteenth Amendment

28. Kristinia repeats, re-alleges and incorporates herein by reference the foregoing paragraphs as set forth in full herein.

29. Kristinia was entitled to receive equal and fair treatment by the Lake Minneehaha. In doing the acts complained of, Lake Minneehaha, and each of them acted under color of state law to deprive Kristinia of her rights, on the account of her gender, under the Due Process Clause of the Fourteenth Amendment and the prohibition of sex discrimination.

30. As a proximate result of defendants' conduct, Plaintiff suffered injuries and damages as set forth herein

31. Furthermore, Lake Mineehaha, in its own Employee Handbook ("Exhibit B"), states its alleged stance on discrimination and unlawful harassment as follows:

"LOMA & Lakeshore Camp-Resort Portage, Indiana is committed to

providing a work environment that is free of discrimination and unlawful harassment. Actions, words, jokes, or comments based on and individual's sex, race, ethnicity, age, religion, or any other legally protected characteristic will not be tolerated."

32. Lake Mineehaha, by its outrageous and shocking actions against Kristinia, undoubtedly failed to live up to not only federal law, but its very own standards.

WHEREFORE, Kristinia requests for relief as hereinafter set forth.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully request that Defendants be cited to appear and answer herein, and that the Plaintiff have judgment against Defendants, jointly and severally, for actual damages above the jurisdictional minimum of this Honorable Court; exemplary damages; pre-judgment interest; post-judgment interest, costs of court, attorney's fees and expenses and all other relief to which Plaintiff is justly entitled, at law or in equity.

## JURY DEMAND

Plaintiff hereby respectfully demands a trial by jury pursuant to the Federal Rules of Civil Procedure, Rule 38(b) as well as the Seventh Amendment of the United States Constitution.

## AFFIRMATION

**I affirm, under the penalties for perjury, that the foregoing statements on all eight (8) pages of this Complaint are true and correct to the best of my knowledge and belief.**

_____          3/14/2022
KRISTINIA-VICKTORIA CHARLENE HAMILTON      DATE
*Plaintiff*

Respectfully Submitted,

_____  
Richard P. Busse, #21293-64  
**Richard P. Busse & Associates**  
7 Napoleon Street  
P.O. Box 528  
Valparaiso, IN 46384  
PH:   219-531-1723  
FAX:  219-464-0941  
richardbusselaw@gmail.com  
*Attorney for Plaintiff*

_____  
Amy L. Commean, #36696-64  
**Richard P. Busse & Associates**  
7 Napoleon Street  
P.O. Box 528  
Valparaiso, IN 46384  
PH:   219-615-9900  
FAX:  219-464-0941  
amy.commean@gmail.com  
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on _____, service of a true, correct, and complete copy of the foregoing document was made upon the Defendant(s) herein by way of U.S. Certified Mail®.

Distribution:

**Lake Minnehaha Owners Association, Inc.**  
**c/o Registered Agent Michael Porter**  
**c/o Board Member Salvatore Fogu**  
**5300 Old Porter Road**  
**Portage, Indiana 46368**  
*Defendant(s)*

_____  
Richard P. Busse, #21293-64  
Amy L. Commean, #36696-64  
**Richard P. Busse & Associates**  
7 Napoleon Street  
P.O. Box 528  
Valparaiso, IN 46384