IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KRISTINIA-VICKTORIA CHARLENE HAMILTON, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:22-cv-00063-PPS-JPK ) |
| LAKE MINNEHAHA OWNERS ASSOCIATION, INC. b/n/f MICHAEL PORTER, Registered Agent, SALVATORE FOGU, Board Member, | ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Kristinia-Vicktoria Charlene Hamilton alleges that her employer, Lake Minnehaha Owners Association (LMOA), engaged in discriminatory employment practices which violated 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, and the Fourth and Fourteenth Amendments. Defendants seek partial summary judgment on Hamilton's constitutional claims and on all claims asserted against the individual Defendants. Defendants also seek summary judgment on any claim based upon an alleged failure to hire because it was not within the scope of the administrative complaint. I agree with the Defendants on all three points and so the claims will be dismissed, although Hamilton will be given an opportunity to replead some of the claims.

1

**Factual Background**

According to the complaint, which I accept as true for present purposes, Kristinia-Vicktoria Charlene Hamilton was employed by the Lake Minnehaha Owners Association starting in April of 2018 as a "Comfort Station Supervisor" during the summer months and as a maintenance employee during the winter months. [Compl., DE 1, at 2.]  Lake Minnehaha is not a governmental entity.  Rather, it is a campground and private park that is operated as a not for profit. [*Id*. at 2,6.]

Ms. Hamilton claims that she was stalked and harassed by two board members of the Lake Minnehaha Owners Association, Jay Green and Marian Kresno, as she was trying to go about her work cleaning the campground and doing any necessary maintenance. [*Id.* at 2.]  According to Hamilton, Green would heckle her for doing "a man's job." *Id.*  The men also drove around the campground in a pick-up truck, watching Hamilton as she worked.  *Id.*

Hamilton filed numerous complaints about this harassment by way of the "chain of command" as prescribed on page three, "103 – Equal Employment & Business Ethics and Conduct" of the "<u>Lake Minnehaha Owners Association, Inc. and Lake Minnehaha Corporation DBA Lakeshore Camp-Resort Employee Handbook.</u>" [Compl. Exhibit B, DE 1-1 at 7.]  Additionally, Hamilton directly voiced complaints to the board of directors during a monthly board meeting in January 2020. [Compl. at 3.]  During that same board meeting, Jay Green openly stated six times that she should be fired because

2

she was a woman doing a job only a man should be doing. *Id.* Green was quoted as saying, "I am so sick and tired of this stupid, fucking bitch! I wish you would fire her bitch-ass!" *Id.*

Hamilton alleges she experienced depression, fear, and paranoia following the board meeting. [*Id.* at 3.] She has 8 children, and needed an income, so she continued to work hard. *Id.* In the Spring of 2020, Hamilton claims that she was harassed by Joe Shuckster, a friend of Green and Kresno, who heckled her for "doing a man's job" and told her she needed to "get her ass back to comfort station." [*Id.* at 4.] Hamilton filed an incident report, but no action was taken. [*Id.* at 4.]

In September of 2020, a position opened for LMOA Operations Manager, and Hamilton applied for the job. *Id.* Although she claims she was well-qualified for the job, it was given to somebody else with no experience in the area and who had a criminal history of embezzlement. *Id.*

Finally, in November of 2020, Hamilton was informed that she had been laid off for an indefinite amount of time due to a lack of work for her to do. [*Id.* at 4.] Within 48 hours, Hamilton saw a job posting for her job position on Indeed.com. [Compl. Exhibit C, DE 1-1, at 25.]

For reasons that are entirely unclear, Hamilton alleges that her Fourth and Fourteenth Amendment rights were violated by the actions of Lake Minnehaha. She also alleges these actions constitute sex discrimination and a failure on behalf of the

company to properly train, supervise, and control the appropriate actions of their employees. [Compl. at 5-6.] Hamilton cites both Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1983 as the legal basis for her Fourth and/or Fifth Amendment claims under the U.S. Constitution. [*Id.* at 5.] Hamilton also references Lake Minnehaha's own employee handbook, which provides as follows: "LOMA & Lakeshore Camp-Resort Portage, Indiana is committed to providing a work environment that is free of discrimination and unlawful harassment. Actions, words, jokes, or comments based on an individual's sex, race, ethnicity, age, religion, or any other legally protected characteristic will not be tolerated." [*Id.* at 6-7.] Furthermore, Hamilton alleges wrongful termination on account of her gender. *Id.* In total, the complaint states two claims: Discriminatory Employment Practices (Count I), and Wrongful Termination (Count II). [*Id.* at 5-6.]

Hamilton has exhausted her administrative remedies. She filed a complaint with the Indiana Civil Rights Commission (ICRC) which resulted in a "no cause finding." [DE 1 at 5.] The EEOC later also dismissed Hamilton's complaint and issued a "Notice of Rights" to her. *Id*.

Hamilton has sued Lake Minnehaha Owners Association, Inc., as well as Michael Porter (its registered agent), and Salvatore Fogu, one of LMOA's board members. All three defendants seek partial dismissal. [DE 13.] As I noted above, they request dismissal of Hamilton's constitutional claims, asserting Ms. Hamilton did not adequately plead state action as required in any § 1983 case. They also seek dismissal of

all of the claims against registered agent, Michael Porter, and Board Member, Salvatore Fogu, on the basis that they were not the "employer" under Title VII. Finally, the defendants assert that the failure to hire claim must be dismissed because it was not within the scope of Hamilton's ICRC and EEOC charge.

## Discussion

To survive dismissal under Fed.R.Civ.P. 12(b)(6), a complaint must contain enough factual matter to state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). "A complaint must do more than leave open the possibility that the plaintiff might later plead some set of undisclosed facts that would warrant relief." *Bartley v. Wisc. Dept. of Corrections*, 258 F. App'x 1, 2 (7th Cir. 2007); s*ee also Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 561 (2007).

### I.    State Action Required for Claims under 42 U.S.C. § 1983

Defendants seek dismissal of all the constitutional claims on the grounds that Hamilton has not alleged any facts demonstrating that the Defendants are state actors who are subject to suit under § 1983. Section 1983 provides that: "[e]very person who,

5

under color of any statute, ordinance, regulation, custom, or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983.

In addition to the governmental officers and employees, § 1983 reaches private individuals who act "under color of" state law, that is, who "exercise government power." *Johnson v. LaRabida Children's Hosp.*, 372 F.3d 894, 896 (7th Cir. 2004). "When a plaintiff brings a section 1983 claim against a defendant who is not a government official or employee, the plaintiff must show that the private entity acted under the color of state law." *Rodriquez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). The determination of whether a private party acted under color of state law "is an important statutory element because it sets the line of demarcation between those matters that are properly federal and those matters that must be left to the remedies of state tort law." *Id.* at 823. "At its most basic level, the state action doctrine requires that a court find such a 'close nexus between the State and the challenged action' that the challenged action 'may be fairly treated as that of the State itself.'" *Id.* at 823 (quoting *Jackson v. Metro Edison Co.* 419 U.S. 345, 351 (1974)).

Defendants rightfully contend that 42 U.S.C. § 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted)

(citations omitted). If Hamilton is unable to allege that Defendants were acting under color of state law, the claims under 42 U.S.C. § 1983 must be dismissed.

Here, the Complaint at no point mentions a state actor, state official, or any governmental entity with any connection to any Defendant or the challenged actions. Instead, the Complaint alleges that Lake Minnehaha Owners Association is a non-profit corporation. [Compl. ¶ 3, 27; Ex. A, DE 1-1, at 2.] Hamilton fails to allege that the non-profit corporation has taken actions amounting to state action. *See Blum v. Yaretsky*, 457 U.S. 991, 1011–12 (1982) (discussing whether the extent of state involvement converted certain private actions into state actions, and whether the private entities "perform[ed] a function that has been 'traditionally the exclusive prerogative of the State.'"). Neither Lake Minnehaha, Porter, nor Fogu are state actors.

Hamilton fails to allege facts in her Complaint to establish how Porter and Fogu acted under the color of state law. Likewise, the Complaint fails to plead facts to plausibly suggest that Lake Minnehaha, a non-profit corporation, acted under the color of state law. The Complaint relies on a conclusory statement that the Defendants acted "under color of state law" in Paragraph 29. [Compl. ¶ 29.] Considering all facts and inferences in favor of Hamilton, her Complaint still fails to establish any joint action with state actors or a nexus between the challenged conduct and the state. *See Hallinan v. Fraternal Order of Police Chicago Lodge No. 7*, 570 F.3d 811, 816 (7th Cir. 2009).

What's more, Hamilton's response completely fails to address Defendants' arguments regarding the constitutional claims. [DE 20.] As such, in failing to respond to alleged deficiencies articulated in a motion to dismiss, Plaintiff has waived these claims. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver.").

Consequently, I will grant the motion to dismiss any claim brought under Section 1983. However, I do recognize that the Seventh Circuit has instructed when a plaintiff's complaint is dismissed under Rule 12(b)(6), the general rule is to give at least one opportunity to amend the complaint before the action is dismissed. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015). I will dismiss the constitutional claims, and although I am skeptical whether any facts can be pleaded to establish a viable claim under Section 1983, the dismissal will be without prejudice. If Hamilton attempts to file an amended complaint that fixes the deficiencies identified in this order, she must do it by filing a motion for leave to file together with the proposed amended complaint. *See* Fed. R. Civ. P. 15(a)(2).

### II.     Dismissal of all Claims Against Mr. Porter and Mr. Fogu

Not only should the constitutional claims against Porter and Fogu be dismissed because they fail to establish that either individual was acting under color of state law, but they should also be dismissed for failing to establish that either one was engaged in any conduct relating to Hamilton. The only connection between the two individuals

8

and this case seems to be that Porter is the Association's registered agent and Fogu was a board member for the Association. [Compl. ¶ 3.]

In addition, the Seventh Circuit precedent is clear that I must dismiss Hamilton's Title VII claims against these individual defendants because neither Porter nor Fogu were her employer. The Seventh Circuit rejects Title VII claims against individuals. *See Passananti v. Cook Cnty.*, 689 F.3d 655, 662 n.4 (7th Cir. 2012) (Title VII authorizes suit "*only* against the employer") (emphasis in original); *Carver v. Sheriff of LaSalle Cnty., Ill.*, 243 F.3d 379, 381 (7th Cir. 2001) (an individual defendant is not personally liable under a judgment for official capacity claims made pursuant to § 1983 and Title VII).

While Defendants discuss in their response the ability to bring a Title VII claim against a non-profit corporation, they do not address the viability of bringing Title VII claims against these individual defendants, or respond to Plaintiff's arguments on this issue whatsoever. Again, this constitutes waiver. *See Bonte*, 624 F.3d at 466.

Therefore, I must dismiss Hamilton's claims against Porter and Fogu. But as with the prior claims, while I am dubious that any facts can be pleaded to establish a viable Title VII claim against defendants Porter and Fogu, because I am already allowing Hamilton the opportunity to file a motion for leave to file an amended complaint, the dismissal will be without prejudice.

**III.    Dismissal of Plaintiff's Failure to Hire Theory**

Hamilton alleges that in September 2020, she applied for a position as Operations Manager with the Association, but the position was given to somebody else with less experience and a criminal history of embezzlement. [Comp. ¶ 17.] Defendants argue this theory should be dismissed because this theory was never raised at any point in Hamilton's administrative complaints. [DE 14-1.]  I can consider Plaintiff's ICRC Complaint in this motion to dismiss because it is mentioned in the complaint, *see* DE 1 at 5, and it is central to the claims.  *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002); *Marshall v. La-Z Boy Inc.*, No. 2:06-CV-378, 2007 WL 3232188, at *2 (N.D. Ind. Oct. 30, 2007) (permitting review of EEOC charge on motion to dismiss).

The allegation in the Complaint before me is outside the scope of Hamilton's ICRC Complaint as it does not relate to the claims she brought in this case, and it should be dismissed.  The ICRC Complaint states as follows:

> On November 7, 2020, I was laid off.  I believe I have discriminated against [sic] on the basis of my sex (female).  While employed for Respondent, I was subjected to different terms and conditions then [sic] my male counterparts.  I was given an unreasonable schedule and was told to either 'work the schedule or find another job.'  On the above mentioned date, I was advised by my manager that I was being laid off because 'women don't belong in maintenance and that I needed to be replaced by two men.'  Shortly after, Respondent hired two males to fill my position.  I am seeking all available remedies for a violation of The Title VII of the Civil Rights Act of 1964, as amended and The Indiana Civil Rights Law.

[DE 14-1 at 2.]

"[A] plaintiff is barred from raising a claim in the district court that had not been raised in his or her EEOC charge unless the claim is reasonably related to one of the EEOC charges and can be expected to develop from an investigation into the charges

10

actually raised." *Green v. Nat'l Steel Corp., Midwest Div.*, 197 F.3d 894, 898 (7th Cir. 1999). In order for claims to be reasonably related to one another, there must be a "factual relationship between them." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994). This means that in both actions, they must "describe the *same conduct* and implicate the *same individuals*." *Id.* (emphasis in original).

Here, Hamilton's ICRC Complaint at no point describes conduct relating to the Association's alleged failure to hire her for the Operations Manager position. [DE 14-1.] As with other arguments in this motion, Defendants do not confront this argument at all in their response brief. An underdeveloped argument, or argument not raised at all, is a waived argument. *See Boyd v. Owen*, 481 F.3d 520, 524-25 (7th Cir. 2007).

It is clear to me that there is no relationship between the ICRC Complaint and the allegations contained in the Complaint which are before me now. Hamilton cannot seek judicial relief before this Court for instances of alleged discrimination that were not described in her original ICRC complaint. Therefore, the "failure to hire" theory raised in Paragraph 17 of the Complaint is ordered to be dismissed. This dismissal will be with prejudice, since there is no way it can be remedied in any potential future complaint.

## Conclusion

For the aforementioned reasons, Defendants' Partial Motion to Dismiss Plaintiff's Complaint [DE 13] is GRANTED. All constitutional claims and the Title VII claims

11

against Defendants Porter and Fogu are dismissed WITHOUT PREJUDICE: if Hamilton chooses to make an effort to file an amended complaint, she must do so by filing a motion for leave to file along with the proposed amended complaint.  The claim for failure to hire as an operations manager is dismissed WITH PREJUDICE.  The remaining claims in this case REMAIN PENDING.

ENTERED:  August 24, 2022.

                                           /s/   Philip P. Simon
                                           PHILIP P. SIMON, JUDGE
                                           UNITED STATES DISTRICT COURT